\*MARGARET B. MATHERS v. WARREN MATHERS.

**Alimony Allowed Wife Notwithstanding Divorce Granted for Wife's Aggression.**

A wife may be granted a share of her husband's estate payable monthly, notwithstanding in the same proceeding the husband has been granted a divorce from her on her aggression.

*Cogan, Williams & Ragland,* for plaintiff in error.

*Charles B. Wilby and Mitchell Wilby,* for defendant in error.

**SMITH, J.**

In this case the wife sued for alimony in the common pleas court. The husband denied her allegations and by way of cross-petition asked for a divorce from her on the ground of gross neglect of duty and adultery. At the hearing the court dismissed the petition of the wife and granted a decree of divorce to the husband on the ground of gross neglect of duty. As to the charge of adultery the decree recited that "the court does not make any finding." The costs were assessed against the wife, and on a subsequent date the court made an entry finding "as a matter of law that it has no power to grant alimony in its discretion, where the divorce is granted for the aggression of the wife." An appeal was taken from this holding, to the circuit court. A motion by the husband to dismiss the appeal having been overruled, he filed an answer, alleging that he had no property except what he had inherited; that as a result of illness in his youth he had never been able to earn anything, and that the plaintiff had not in any way helped him to acquire anything and brought no property to the marriage. The case coming on for hearing in the circuit court, the husband offered to produce

*Affirmed, no op., Mathers v. Mathers, 88 Ohio St. 554.

evidence tending to show that the plaintiff had been guilty of adultery, which evidence the court declined to hear. The case was argued, and on December 17 the court handed down the following opinion:

**SWING, J.**

### (Heard on Appeal.)

"This is an action by the plaintiff for alimony. The defendant filed an answer and cross petition for a divorce, and on the issues thus made, the case came on for hearing on June 18, 1910, at which time the court rendered judgment, granting a divorce to the defendant on his cross-petition, on the ground that the plaintiff was guilty of gross neglect of duty, and ordered the petition of the plaintiff, and her amended petition, to be dismissed. No appeal was presented from this judgment, dismissing plaintiff's petition. On July 2, 1910, the court, on motion, made an entry modifying the decree of June 18, 1910. This decree, among other matters, contained the following:

" 'And the court further finds that the plaintiff is not entitled to alimony as of right, the divorce being granted to the defendant for the plaintiff's aggression, and as to any question of alimony, which it may be in the power of the court in its discretion to grant, and as to whether it is in the power of the court to grant alimony in the exercise of discretion, independent of the petition of plaintiff, this cause is continued.'

"No appeal was taken from this decree, although an exception was taken.

"On November 15, 1910, the court entered up the following judgment:

" 'The court taking up the matters left for further consideration, by the order of July 2, 1910, herein, and having duly considered the same, and being fully advised, finds, as a matter of law, that it has no power to grant alimony in its discretion, when the divorce is granted for the aggression of the wife.'

"This last decision is in effect the same as that of July 2, but the court had, on June 18, dismissed the petition of the plaintiff asking for alimony. This petition was the foundation for whatever alimony the court could grant, and when it was dismissed, there was no longer in the court, the power to grant alimony. An appeal should have been taken from the judgment of November 15. But it would seem that plaintiff had really lost nothing by her failure to appeal from the judgment of June 18, dismissing her petition for alimony, for the reason that a divorce having been granted the husband, by reason of her aggression,

she would not be entitled to alimony.  *Hassaurek* v. *Markbreit*, 68 Ohio St. 554, 579 [67 N. E. 1066].

"Appeal dismissed."

GIFFEN and SMITH, JJ., concur.

A few days later the opinion of the Supreme Court in the case of *Fiesler* v. *Fiesler*, 83 Ohio St. 200 [93 N. E. 899], was published, and thereafter the circuit court reconsidered the present case, and subsequently filed the opinion following:

(Filed December 26, 1911.)

"SMITH, J.:

"In accordance with our construction of the case of *Fiesler* v. *Fiesler*, 83 Ohio St. 200 [93 N. E. 899] heretofore announced, we are of opinion that plaintiff should be allowed a share of defendant's property, and adjudge to her as just out of his real estate such an amount thereof as will equal in value the sum of $2,500."

The husband also prosecuted error to the action of the common pleas court in allowing alimony pendente lite, etc., against him.  In that proceeding the circuit court held:

"SMITH, J.:

"We think the order allowing alimony pendente lite entered July 14, 1909, ordered the defendant to pay the sum of $60 immediately after the filing of that entry, and that upon the 25th day of that same month and the 25th day of each month thereafter, the defendant was ordered to pay the sum of $60.

"From the language of this order we can place no other construction upon it different than that of the trial court.

"While it is true that on June 18, 1910, a divorce was granted to defendant by reason of the aggression of the plaintiff, nevertheless the question of alimony was on July 2, 1910, continued for further and final order by the court.  This, therefore, we think left in operation the decree for alimony pendente lite entered by the court July 14, 1909.

"We can not see how we can assist defendant in allowing him a credit for the amount of costs paid.  These costs were ordered paid by the plaintiff, but was not compelled to do so.

"The court below and this court having found the defendant liable for the installments of alimony, and that they should have been paid as ordered, interest upon the same would naturally attach.

"The judgment of the court below will be affirmed."

Bowling Green Tp. School v. Breese.

Error was prosecuted by the husband to the Supreme Court, where the judgment below was affirmed without opinion on April 22, 1913, *Mathers* v. *Mathers*, 88 Ohio St. 554. One of the considerations urged upon the Supreme Court by counsel for the husband was that—

"Alimony is nourishment or maintenance, and wherever the word 'alimony' is used in the statutes, it is used with that meaning, and when the word was used in the entries in this case, it was used in its usual sense, which is not synonymous with that share of the husband's property which may be adjudged to the erring wife under Sec. 11993 G. C. Such share of the husband's property is not nourishment or maintenance, which implies a periodical payment for that purpose. A share of the husband's property, is a payment in a lump sum, often intended to reimburse the wife for what she may have brought to the marriage, or what she may have contributed to the property acquired by the husband after the marriage."

**Swing** and **Jones, JJ.**, concur.